A. W. 0. TotteN, Special J.,
delivered the opinion of the Court, having sat in the case at the joint request of counsel on both sides, in place of the Hon. Alvin Hawkins, who was counsel therein.
*74 This case is before the Court, on error, from the Circuit Court of Carroll. It' was an action on a bill of exchange, and the declaration is in the brief form given by the Code.
At the August Term, 1865, there was judgment by default, and an inquiry of damages ordered to be executed at the next term, not stating whether it was to be the regular or special term. There was a special term appointed, and held in October, 1865, _at which the damages were assessed at $14,117.80.
1. It is objected that the inquiry of damages was to be executed at the regular term, December, 1866, that being the next term alluded to in the order awarding it. But there was a special term, which was, in fact, the next term after the order, and at which all the business of the Court, of every nature and kind, was to be conducted, as at the regular term. Besides, the ■ continuance of a cause to the next term — see Code, sec. 3945 — must be understood as subject to the power of the Court, which may be .exercised to appoint a special term, at which it will stand for trial. Such is the legal effect of a general continuance; and it can only be obviated by a special continuance, stating the regular term, and that implies the consent of parties.
2. It is objected that the Court erred in refusing a continuance on the affidavit of defendants’ counsel. The affidavit states that the counsel informed his clients that the case did not stand for trial at the special term, and the defendants were not in attendance; that one of the defendants stated to said counsel that some of defendants’ books had been destroyed or *75 taken during the war, and that, for the present, it was very difficult for him to ascertain what credit, if any, he was entitled to.
We have seen that the case did stand regularly for trial at the special term. It was a mistake of law in the counsel to advise the client that the case was not then for trial. But there is no merit in a mistake in a matter of law. No remedial action can he taken upon it; it is not the subject of legal. surprise. Besides it is not stated with any confidence or certainty that defendants were entitled to credits, but only assumed' that the hook would show, if they were so entitled. . This statement wants force to justify the application.
3. It is said it was error to omit to read the declaration at the trial. The judgment hy default was an admission of every fact well pleaded in the declaration; and it is proper practice to read it on an inquiry of damages. But we do not see that defendants’ counsel was denied the right to read the declaration to the jury, nor that there was any variance between the declaration and the hill of exchange read in evidence; nor, in fact, that any damage has accrued to defendants on account of the error in practice.
The Court is of opinion that the judgment he affirmed.